Inst #: 20200807-0000995
Fees: $42.00
08/07/2020 11:45:46 AM
Receipt #: 4163639
Requestor:
Snell Wilmer LLP Phoenix
Recorded By: GARCIAC Pgs: 5
Debbie Conway
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

# RECORDING COVER PAGE

(Must be typed or printed clearly in BLACK ink only and avoid printing in the 1" margins of document)

**APN#** 124-27-717-075

(11 digit Assessor's Parcel Number may be obtained at: http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

## TITLE OF DOCUMENT
(DO NOT Abbreviate)

Memorandum

Document Title on cover page must appear EXACTLY as the first page of the document to be recorded.

**RECORDING REQUESTED BY:**

Snell & Wilmer LLP

**RETURN TO:** Name Snell & Wilmer LLP

Address 3883 Howard Hughes Pkwy, Suite 1100

City/State/Zip Las Vegas, Nevada 89169

**MAIL TAX STATEMENT TO:** (Applicable to documents transferring real property)

Name N/A

Address

City/State/Zip

This page provides additional information required by NRS 111.312 Sections 1-2.
To print this document properly, do not use page scaling.
P:\Common\Forms & Notices\Cover Page Template Oct2017

Print Date: 3/9/2022 4:38 PM        Page 1 of 5



NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> SFR INVESTMENTS POOL 1, LLC, <br><br> Defendant-Appellant. | No. 19-15910 <br><br> D.C. No. 2:15-cv-02381-GMN-NJK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted June 9, 2020**
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and ROYAL,*** District Judge.

This case arises out of purchases by SFR Investments Pool 1, LLC, of various Nevada residential properties (the "Properties") at non-judicial foreclosure sales

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.



involving homeowners association ("HOA") liens. The earliest of the HOA sales was in March 2012. Before the HOA sales, Federal Home Loan Mortgage Corporation ("Freddie Mac") or the Federal National Mortgage Association ("Fannie Mae") (together, the "Enterprises") had purchased the loans on the Properties and acquired the deeds of trust securing the loans.

Nevada law grants an HOA a "superpriority" lien for unpaid assessments; that lien is superior even to a previously recorded first deed of trust. *See* Nev. Rev. Stat. § 116.3116; *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 621-22 (9th Cir. 2019) (per curiam). However, in 2008, the Federal Housing Finance Agency ("FHFA") placed the Enterprises into conservatorship. *See* 12 U.S.C. § 4617(a)(2), (b)(2)(A)(i). Under the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), "[n]o property of the [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency." The Federal Foreclosure Bar preempts the Nevada superpriority lien scheme. *See Berezovsky v. Moniz*, 869 F.3d 923, 929-31 (9th Cir. 2017).

In June 2016, the FHFA, Freddie Mac, and Fannie Mae sued SFR to quiet title to the Properties, arguing that because of the Federal Foreclosure Bar, the non-judicial foreclosure sales did not extinguish the previously recorded deeds. The district court granted summary judgment to the plaintiffs. We have jurisdiction of

SFR's appeal under 28 U.S.C. § 1291 and affirm.

1. For the reasons stated in our opinion in *M&T Bank v. SFR Investments Pool 1, LLC.*, No. 18-17395, the six-year period in 12 U.S.C. § 4617(b)(12)(A)(i) governs the quiet title claims in this action. The complaint, which was filed less than six years after the earliest non-judicial foreclosure sale in March 2012, was therefore timely.

2. The district court did not err in concluding that summary judgment was appropriate as to twenty Properties for which the record beneficiaries on the deeds of trust was neither Freddie Mac, Fannie Mae, nor their loan servicers at the time of the foreclosure sales.[1] For all of those Properties, the recorded beneficiary on the deed of trust was the agent for one of the Enterprises. *See Berezovsky*, 869 F.3d at 932-33.[2]

3. The district court did not abuse its discretion in denying SFR's request under Federal Rule of Civil Procedure 56(d) to defer ruling on the plaintiffs' summary judgment motion to allow further discovery. *See Midbrook Flowerbulbs*

---

[1] As to the remaining properties, SFR does not argue on appeal that summary judgment should have been granted in its favor on this basis.

[2] It does not matter that some of the record beneficiaries on some of the deeds of trust were former servicers who had transferred their servicing rights before the foreclosure sales. A former servicer remains obligated to act on behalf of the Enterprises even after the transfer of servicing rights. *See* Fannie Mae Servicing Guide § A2-7-03 (2020); Freddie Mac Servicing Guide § 7101.15(a) (2020).

*Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 612 (9th Cir. 2017) (standard of review). The summary judgment record already made plain that plaintiffs possessed valid and enforceable interests in all of the Properties at the time of the foreclosure sales. *See e.g., Berezovsky*, 869 F.3d at 932-33; *Fed. Nat'l Mortg. Ass'n v. KK Real Estate Inv. Fund, LLC*, 772 F. App'x 552, 553 (9th Cir. 2019). A party seeking Rule 56(d) relief must do "more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**AFFIRMED.**[3]

---

[3] We grant SFR's unopposed motion for judicial notice of orders in six cases before the Eighth Judicial District of the State of Nevada.