UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, | Case No.: 2:22-cv-00373-APG-NJK |
| Plaintiff | **Order Granting in Part Nationstar's Motion to Dismiss and Denying SFR's Motion for Preliminary Injunction** |
| v. | |
| NATIONSTAR MORTGAGE LLC, | [ECF Nos. 6, 11] |
| Defendant | |

    Plaintiff SFR Investments Pool 1, LLC filed this action in state court to stop a foreclosure sale of its property located at 1738 Ashburn Drive in North Las Vegas. Defendant Nationstar Mortgage LLC is the current beneficiary of record on the deed of trust encumbering the property. Nationstar removed the action to this court based on diversity jurisdiction. ECF No. 1. Nationstar agreed to postpone the foreclosure sale until I rule on SFR's motion for preliminary injunction. ECF No. 8.

    Nationstar moves to dismiss each of SFR's claims on various grounds. SFR opposes and moves for a preliminary injunction to block the sale. I grant Nationstar's motion, with leave for SFR to amend certain claims. I deny SFR's motion for injunctive relief because SFR is not likely to succeed on its claims and, even if it is, it has not shown that an injunction is warranted.

**I.  MOTION TO DISMISS (ECF No. 6)**

    In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient

factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

**A. NRS § 107.200 *et seq.* (Count One)**

Nevada Revised Statutes (NRS) § 107.210 provides that if an authorized person[1] requests a statement of the amount necessary to discharge the debt secured by a deed of trust, the lender must respond within 21 days setting forth:

> 1. The identity of the trustee or the trustee's personal representative or assignee, the current holder of the note secured by the deed of trust, the beneficiary of record and the servicers of the obligation or debt secured by the deed of trust;
> 2. The amount of money necessary to discharge the debt secured by the deed of trust on the date the statement is prepared by the beneficiary;
> 3. The information necessary to determine the amount of money required to discharge the debt on a per diem basis for a period, not to exceed 30 days, after the statement is prepared by the beneficiary; and
> 4. If the debt is in default, the amount in default, the principal amount of the obligation or debt secured by the deed of trust, the interest accrued and unpaid on the obligation or debt secured by the deed of trust, all fees imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale.

Section 107.260 allows an authorized person to also request a copy of the note or deed of trust at no additional charge. Under § 107.300(1), a deed of trust beneficiary "who willfully fails to deliver a statement requested pursuant to NRS 107.200 or 107.210 within 21 days after it is requested is liable to the person who requested the statement in an amount of $300 and any actual damages suffered by the person who requested the statement." Willfully is statutorily defined to mean "an intentional failure to comply with the requirements of NRS 107.200 or 107.210 without just cause." NRS § 107.300(3).

---

[1] In its response to SFR's request, Nationstar characterized SFR as a junior lienholder even though SFR is the property owner. *See* ECF No. 6-13 at 1. However, Nationstar does not now contest that SFR is authorized to request a payoff statement. *See* NRS § 107.220(1)(a).

Count one of the complaint alleges that Nationstar failed to comply with NRS §§ 107.210, 107.220, and 107.260 because SFR requested the required information and a copy of the note but Nationstar "provided only a partially redacted payoff quote" with "limited information," and did not provide a copy of the note as requested. ECF No. 1-2 at 7.  SFR alleges that "[b]ecause Nationstar has willfully failed to adequately respond to SFR's requests, SFR has been unable to obtain the full details regarding the debt secured by the deed of trust . . . and unable to determine the accurate amount necessary to discharge the debt." *Id.*  SFR also alleges that because Nationstar failed to provide the note, SFR cannot determine who possesses the note or whether the note includes the proper endorsements to establish ownership. *Id.* at 9.

Nationstar argues this claim should be dismissed with prejudice because there is no private right of action for failure to provide a copy of the note under NRS § 107.260 where § 107.300 provides a cause of action only for violations of §§ 107.200 and 107.210.  Nationstar also contends that SFR admits that it provided a statement, so the only alleged violation is the failure to provide the note.

SFR responds that there is a private right of action because the request for the note is part of the request for a statement.  SFR also argues that it has alleged that not all statutorily required information was provided in the statement, so Nationstar violated the statute in ways other than failing to provide the note.

The Supreme Court of Nevada has not addressed whether an authorized requester may sue a beneficiary under NRS § 107.300 for failing to provide a requested copy of the note under § 107.260.  I therefore must "predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and

restatements as guidance." *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1126 (9th Cir. 2005) (quotation omitted).

Under Nevada law, legislative intent "is the controlling factor" in interpreting a statute. *State v. Lucero*, 249 P.3d 1226, 1228 (Nev. 2011) (quotation omitted). To determine legislative intent, I begin with the statute's plain language. *Id.* If the statute "is clear on its face," I apply it as written. *Id.* (quotation omitted). But if "the statutory language lends itself to two or more reasonable interpretations," then I may "look to other tools such as legislative history, reason, and public policy to determine legislative intent." *Martinez Guzman v. Second Jud. Dist. Ct. in & for Washoe*, 460 P.3d 443, 447 (Nev. 2020) (en banc).

NRS § 107.300 provides a private right of action for damages against a "beneficiary who willfully fails to deliver a statement requested pursuant to NRS 107.200 or 107.210 within 21 days after it is requested." Section 107.210 is the section that allows a request for a statement. Section 107.260 states that if an authorized requester "includes in the request for such a statement a request for a copy of the note or deed of trust, the beneficiary shall mail a copy of the note or deed of trust with the statement at no additional charge."

By the plain statutory language, there is no cause of action for failure to provide the note. The legislature created a cause of action for willfully failing to deliver the statement and specifically designated the statutory sections under which a claim could be brought. Section 107.260 is not one of the identified sections. Had the legislature wanted to create a cause of action for failing to provide the note, it could have included § 107.260 as one of the identified sections and referred to the failure to provide the note. Instead, it provides a cause of action only

4

for the failure to provide the statement under §§ 107.200 or 107.210.[2]  Because no cause of action exists under § 107.300 for failure to provide the note, I dismiss this portion of SFR's claim with prejudice.

SFR also alleges that not all required information was provided, but SFR has not plausibly alleged a violation because it does not allege any facts as to what was deficient about Nationstar's response.  Consequently, to the extent this claim is based on anything other than the note, I dismiss it.  I grant SFR leave to amend this aspect of this claim, if facts exist to do so, because it is not clear that amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted)).

### B.  Cancellation of Written Instrument under NRS § 106.240 (Count Two)

NRS § 106.240 provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001).  Count two of SFR's complaint asserts a claim for cancellation of the deed of trust based on its allegation, on information and belief, that the loan

---

[2] I do not imply a cause of action for failure to deliver the note because that would be contrary to the legislative intent, where the legislature set forth those statutory sections for which it created a claim. *See Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 101 (Nev. 2008) (en banc).

5

was accelerated in 2009 and not subsequently decelerated, so the deed of trust was extinguished in 2019 by operation of § 106.240.

Nationstar moves to dismiss this claim with prejudice, arguing that a recorded rescission stopped the clock on the 2009 notice of default. Nationstar also contends that, in any event, prior litigation between the parties tolled the ten-year period, and that the debt was never "wholly due" within NRS § 106.240's meaning. SFR responds that the rescission's language revoked only the decision to invoke the power of sale but did not decelerate the debt. SFR also contends that an unrecorded document can accelerate the loan and § 106.240 is not subject to tolling.

The Supreme Court of Nevada recently confirmed that a rescission like the one in this case decelerates the loan for purposes of § 106.240. *SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, 507 P.3d 194, 197-98 (Nev. 2022). Because the 2009 default was rescinded in 2011, the ten-year period NRS § 106.240 has not run. ECF Nos. 6-6 (2009 notice of default); 6-7 (2011 rescission of 2009 notice of default). Consequently, the deed of trust has not been extinguished by operation of § 106.240 as a matter of law. I dismiss this claim with prejudice because amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

**C. Declaratory Relief (Count Three)**

Count three of the complaint alleges that the deed of trust and note were split at origination and, on information and belief, have not been reunited. SFR alleges that the original beneficiary attempted to assign the deed of trust twice, calling into question whether Nationstar

6

has properly been assigned the note and deed of trust. ECF No. 1-2 at 11.  SFR thus seeks a declaration that Nationstar does not have the authority to foreclose. *Id.* at 11-12.

Nationstar moves to dismiss count three with prejudice as claim precluded because the parties already engaged in quiet title litigation and SFR could have brought its declaratory relief claim then.  Nationstar also argues that the prior litigation showed that Fannie Mae owns the note and deed of trust, and that Nationstar is the beneficiary of record as Fannie Mae's servicer. Nationstar asserts that under Nevada law, it can foreclose on Fannie Mae's behalf.

SFR responds that it is not claim precluded because during the time frame when the parties were litigating before, lenders routinely argued that SFR was not entitled to the note because the lenders were not then seeking to foreclose.  Additionally, SFR notes that even if Nationstar had authority to foreclose in 2015, the same might not be true in 2022.  SFR asserts that because it never received a copy of the note, there remain questions about how the note is endorsed and whether Nationstar can legally foreclose.

The prior action was in this court on federal question jurisdiction. *See Ditech Fin. LLC, et al. v. SFR Invs. Pool 1, LLC*, 2:15-cv-02381-GMN-NJK (*Ditech*).  Federal common law governs the preclusive effect of a judgment issued by a federal court exercising federal question jurisdiction. *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 n.6 (9th Cir. 2019). Under the federal common law, claim preclusion applies where (1) the two lawsuits involved the same claim or cause of action, (2) the prior case reached a final judgment on the merits, and (3) the two lawsuits involved identical parties or their privies. *Id.* at 1020-21.  To determine whether the two suits involve the same claim or cause of action, I consider: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second

action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Here, there is no dispute that there is a final, valid judgment in the prior case and that the parties or their privies were parties to the prior action. SFR's claims and allegations in this case arise from the same transactional nucleus of facts as those in the prior case, such that SFR could have brought its current declaratory relief claim in the prior action. Both cases involve allegations about whether Fannie Mae and its servicers had an enforceable deed of trust. In the prior action, SFR challenged whether Fannie Mae had an agency relationship with its servicers such that it could enforce the deed of trust. *See Ditech*, ECF No. 115. The deed of trust identified the original beneficiary as Mortgage Electronic Registration Systems, Inc. (MERS). ECF No. 11-1 at 10. In August 2009, MERS assigned the deed of trust to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. ECF No. 1-5 at 57. In August 2011, MERS purported to assign the deed of trust to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, even though it had already assigned the deed of trust to BAC. *Id.* at 65. And in April 2014, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, assigned the deed of trust to Nationstar. *Id.* at 73. The two MERS assignments and the assignment to Nationstar took place before the prior action was filed. *See Ditech*, ECF No. 1. The cases thus would involve the same proof regarding the assignments. Consequently, SFR could have challenged the assignments during that lawsuit.

Although federal law governs claim preclusion in this case, I note that the Supreme Court of Nevada found that claim preclusion applied in circumstances similar to those present in this

case.[3] In *Golden Creek Holdings, Inc. v. Nationstar Mortgage LLC*, the plaintiff's predecessor filed a lawsuit against the record beneficiary of the first deed of trust "seeking an adjudication that respondent could not foreclose on the deed of trust because an HOA foreclosure sale had extinguished respondent's deed of trust." No. 81821, 489 P.3d 918, 2021 WL 2910689, at *1 (Nev. July 9, 2021). The beneficiary prevailed in the prior action. *Id.* Several years later, the plaintiff filed another lawsuit, this time seeking a ruling that the beneficiary "could not foreclose on the deed of trust because it did not possess the promissory note secured by the deed of trust." *Id.* The trial court dismissed the second suit as claim precluded, and the Supreme Court of Nevada affirmed. *Id.* The Supreme Court of Nevada noted that there was no change in factual circumstances since the prior lawsuit that would call into question whether the beneficiary possessed the note, and the plaintiff failed to explain why it could not have brought its claim in the prior action. As in *Golden Creek*, nothing has changed factually since before the parties litigated the prior action.

However, unlike the plaintiff in *Golden Creek*, SFR has explained why it did not assert this claim in the prior action. SFR contends that at the time of the prior action, lenders were resisting discovery requests for the notes, claiming that the notes were irrelevant to the proceedings because the lenders were not seeking to foreclose, and instead sought only to determine whether deeds of trust survived the homeowners associations' foreclosure sales. Nationstar responds that the mere fact that Fannie Mae would have defended against the claim did not excuse SFR from bringing it so that all of the parties' disputes could be resolved in one action.

---

[3] The parties do not address the fact that SFR would have been the counterclaimant rather than the plaintiff in the prior action, so I do not address it either.

SFR's prediction that Fannie Mae would have resisted adjudication of this dispute had SFR raised it in the prior action does not bar the application of claim preclusion. SFR could have raised the inconsistencies in the assignments, and if Fannie Mae argued the issue was not ripe because it was not seeking to foreclose, then the prior court would have had the opportunity to rule on that issue. But SFR did not do so and instead waited to bring this second action on the same facts that existed years ago. I therefore grant Nationstar's motion to dismiss this claim with prejudice as claim precluded. Even if this claim is not precluded, SFR has not plausibly alleged a factual basis for its allegations that Nationstar does not possess the note or that the deed of trust was not properly assigned to Nationstar, as discussed with respect to count four.

### D. Cancellation of Written Instrument (Count Four)

Count four of the complaint alleges that the notice of default and notice of sale should be cancelled because the note and deed of trust were split at origination and, on information and belief, have not been reunited. ECF No. 1-2 at 12. SFR also alleges that MERS twice assigned the deed of trust, and, on information and belief, Nationstar does not possess the note. *Id.* SFR thus seeks to cancel the notice of default and notice of sale.

Nationstar argues that this count is also claim precluded and there is no factual basis for this claim because Nationstar can foreclose as Fannie Mae's servicer. SFR raises the same arguments regarding claim preclusion. It also asserts that even if Nationstar had authority to foreclose in 2015, the same might not be true in 2022. SFR contends that because it never received a copy of the note, questions remain about how the note is endorsed and whether Nationstar can legally foreclose.

I decline to apply claim preclusion to count four because this count seeks to cancel a notice of default and notice of sale that post-date the prior litigation. *See* ECF No. 6-10 at 1

(notice of default filed in October 2021); ECF No. 6-11 (notice of sale filed in January 2022); *Ditech*, ECF No. 152 (last document in the case filed on August 24, 2020).  SFR could not have brought a claim in the prior action to cancel instruments that did not then exist.  To the extent Nationstar is contending that issue preclusion should apply, it did not cite relevant law or argue the elements of issue preclusion.

      I nevertheless dismiss this claim because SFR does not plausibly allege that Nationstar lacks the authority to foreclose.  SFR has not plausibly alleged facts to show that the April 2014 assignment from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP to Nationstar is void, as opposed to voidable. *See Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (holding that a borrower lacks standing to challenge a voidable assignment of the deed of trust because the debtor is not a party to the assignment).  The assignment states it is from Bank of America as BAC's successor by merger.  SFR has not plausibly alleged facts that would suggest Bank of America was not BAC's successor.  Consequently, even if the second MERS assignment was a rogue assignment, SFR has not plausibly alleged facts that would suggest Bank of America, as BAC's successor, could not transfer the note and deed of trust to Nationstar.

      SFR also has not plausibly alleged facts that Nationstar does not possess the note.  Nevada law generally presumes that the note is transferred with the deed of trust. *See Jones v. U.S. Bank Nat'l Ass'n, as Tr. for TBW Mortg.-Backed Pass-Through Certificates, Series 2006-3*, 460 P.3d 958, 961 (Nev. 2020).  SFR has not alleged the assignments transferred only the deed of trust.  Nor does the complaint state any other facts that would support SFR's allegation, on information and belief, that Nationstar does not possess the note or does not otherwise have

authority to foreclose as Fannie Mae's servicer.  I therefore dismiss this claim.  However, I grant SFR leave to amend if facts exist to do so.

### E.  Wrongful Foreclosure and Injunctive Relief (Counts Five and Six)

Nationstar argues the wrongful foreclosure claim is not ripe because it has not foreclosed and that injunctive relief is a remedy, not a separate claim.  SFR concedes dismissal of these counts. ECF No. 10 at 1.  I therefore grant Nationstar's motion to dismiss count five as not ripe because no foreclosure has taken place, and count six because injunctive relief is a remedy, not a separate cause of action.

## II.  MOTION FOR PRELIMINARY INJUNCTION (ECF No. 11)

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Because I have dismissed all of SFR's claims, SFR has not shown a likelihood of success on any claim sufficient to support an injunction.  With respect to SFR's claim under NRS § 107.210, the complaint does not identify what was deficient about Nationstar's response.  However, in its motion for injunctive relief, SFR contends that Nationstar violated the statute because it gave a payoff quote that was good for less than 30 days.  SFR argues that without the requested information, it is unable to pay the amount necessary to avoid foreclosure.  But SFR has the payoff amount as well as the per diem interest rate, and it has not explained why it does

not have sufficient information to decide whether to pay off the loan to retain its interest in the property. If Nationstar technically violated the statutory requirements, then SFR may be able to recover damages. But the balance of hardships does not favor an injunction based on this claim.

### III. CONCLUSION

I THEREFORE ORDER that defendant Nationstar Mortgage LLC's motion to dismiss **(ECF No. 6) is GRANTED in part** as set forth in this order.

I FURTHER ORDER that plaintiff SFR Investments Pool 1, LLC's motion for preliminary injunction **(ECF No. 11) is DENIED**.

I FURTHER ORDER that by **July 1, 2022**, plaintiff SFR Investments Pool 1, LLC may file an amended complaint for those claims I dismissed without prejudice if facts exist to do so. If SFR does not file an amended complaint by that date, I will dismiss the remaining claims with prejudice, except for the wrongful foreclose claim, which I am dismissing because it is not ripe.

DATED this 8th day of June, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE