# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br>    Plaintiff(s),<br>v.<br>NATIONSTAR MORTGAGE LLC,<br>    Defendant(s). | Case No. 2:22-cv-00373-APG-NJK<br><br>**ORDER** |

    This case was removed on March 1, 2022, Docket No. 1, and a motion to dismiss was filed on March 16, 2022, Docket No. 6. Hence, the parties were required to hold a Rule 26(f) conference and file a discovery plan more than six months ago. Local Rule 26-1(a). Nonetheless, the parties did not file their proposed discovery plan until November 7, 2022. Docket No. 19. As such, the Court ordered Plaintiff to show cause why the case should not be dismissed and ordered attorneys Chantel Schimming and Karen Hanks to show cause why they should not be sanctioned. Docket No. 20.[1]

    The Court received responses from Plaintiff, Attorney Schimming, and Attorney Hanks. Docket Nos. 22, 23, 24 (corrected version), 25. Plaintiff, Attorney Schimming, and Attorney Hanks do not contest that they violated the local rule identified. Instead, the responses provide a flurry of justifications for not complying with the local rules. For example, the responses indicate that counsel was confused as to federal procedure, *see, e.g.*, Docket No. 22 at 4, that counsel were busy with other matters and were setting up a new law firm, *see, e.g.*, Docket No. 24 at 1-3, and that Plaintiff and counsel dispute the wisdom of the timing provisions at play, *see, e.g.*, Docket

---

[1] The Court also ordered attorneys Brody Wright and Aaron Lancaster to show cause why they should not be sanctioned. *Id.* These attorneys violated the order to show cause itself by not responding, which will be addressed in a separate order.

1

No. 25 at 2. None of the excuses advanced holds water. First, this case is in federal court and counsel must familiarize themselves with the procedures that apply in federal court. *E.g.*, *Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998). Second, that counsel have taken on a caseload beyond their capacity is not a good reason for violating the local rules.[2] Third, the fact that Plaintiff and counsel disagree with the wisdom of the procedures at issue is not a valid excuse for violating them. *Cf. Wilson v. KRD Trucking W.*, 2013 WL 836995, at *4 (D. Nev. Mar. 6, 2013).[3]

Given the circumstances, the Court **ORDERS** that (1) Attorney Schimming is **CAUTIONED** that she must comply with the local rules moving forward ; (2) Attorney Hanks is **FINED** in an amount of $100, to be payable to the Clerk's Office by December 15, 2022; and (3) Plaintiff is **CAUTIONED** that it must comply with the local rules moving forward.[4] With respect

---

[2] This is an excuse recycled frequently in homeowners' association foreclosure cases and it is not persuasive. "When parties choose to undertake mass litigation, they must make the proper preparations for doing so." *U.S. Bank N.A. v. SFR Invs. Pool 1, LLC*, 2018 WL 701816, at *1 (D. Nev. Feb. 2, 2018). "Regardless of how many cases involving homeowners' association foreclosures sales an attorney or law firm is handling, the attorney handling a particular case has an obligation to exercise due care and reasonable professional diligence in that particular case." *Carisbrook Asset Holding Tr. v. SFR Invs. Pool 1, LLC*, 2019 WL 2393614, at *3 n.2 (D. Nev. June 6, 2019). The Court takes counsel at their word that their overcommitment and technical issues are being addressed so that deadlines will be met moving forward. *See, e.g.*, Docket No. 24 at 3.

[3] Even were the Court to weigh the arguments presented as to why Plaintiff and counsel disagree with the timing requirements in the local rules, such arguments are not persuasive. Among other downfalls, these arguments fail to account for the fact that the local rules must be consistent with the governing Federal Rules. *See* Fed. R. Civ. P. 83(a)(1). Notably here, the Federal Rules require the issuance of a scheduling order "as soon as practicable" and provides a default outer deadline for the issuance of a scheduling order at the "earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). The deadline for the Rule 26(f) conference, by extension, is tethered to those deadlines. *See* Fed. R. Civ. P. 26(f)(1). While Plaintiff and counsel argue that complying with the schedule in the local rules is "somewhat impractical," Docket No. 25 at 2, they have not squared their critique with the Federal Rules that effectively provide the same schedule. Lastly, to the extent parties or attorneys believe the default rules should not apply in a particular case, they must file a request with the Court to modify the application of those rules. *See* Fed. R. Civ. P. 16(b)(2) (providing for modification of the scheduling order deadlines upon a showing of good cause); *see also* Fed. R. Civ. P. 26(f)(1) (same for the Rule 26(f) conference).

[4] Given the insinuation to the contrary, the Court wants to be crystal clear for purposes of moving forward that the failure to comply with the requirements to have a Rule 26(f) conference and to timely file a proposed discovery plan can constitute grounds for dismissal for failure to prosecute. *See, e.g.*, *Raines v. Seattle Sch. Dist. No. 1*, 2012 WL 1022412, at *4 n.3 (W.D. Wash. Mar. 23, 2012).

to Plaintiff, Attorney Schimming, and Attorney Hanks, the order to show cause is otherwise **DISCHARGED**.

    IT IS SO ORDERED.

    Dated: November 28, 2022

                                                Nancy J. Koppe
                                                United States Magistrate Judge