# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SFR INVESTMENTS POOL 1, LLC,

    Plaintiff(s),

v.

NATIONSTAR MORTGAGE LLC,

    Defendant(s).

Case No. 2:22-cv-00373-APG-NJK

**ORDER**

Pending before the Court are two orders to show cause why attorneys Wright and Lancaster should not be sanctioned. Docket Nos. 20, 27. The first order to show cause arises out of the failure to file a discovery plan. Docket No. 20. Attorneys Wright and Lancaster did not respond. The second order to show cause arises out of the failure to respond to the first order to show cause. Docket No. 27. A response to the second order to show cause has been filed. Docket No. 30.

With respect to attorney Lancaster, it is now represented that he is no longer an attorney on this matter and, indeed, no longer practices law in Nevada. Docket No. 30 at 1. If that is in fact the case, then Defendant's current counsel needs to file a motion to remove attorney Lancaster as attorney of record in this case. <u>Such a motion must be filed by December 14, 2022</u>.[1] The orders to show cause are otherwise **DISCHARGED** with respect to attorney Lancaster.

With respect to attorney Wright and the first order to show cause, he indicates that the failure to timely file a discovery plan stemmed from that fact that he is unfamiliar with practice in federal court and was overwhelmed with his workload, which increased after attorney Lancaster's departure. Docket No. 30 at 3-4. Such reasoning is not compelling, but the Court will resolve the

---

[1] It would appear further that Mr. Lancaster needs to update his CMECF account. Local Rule IC 2-1(g). As the current contact information is out of date, however, the Court is not able to provide this order to Mr. Lancaster to obtain that result.

1

first order to show cause with a **CAUTION** that attorney Wright is required to familiarize himself with all governing rules and to take all necessary steps to properly manage his workload.

With respect to attorney Wright and the second order to show cause, he indicates that he violated that order because he has been inattentive to the orders issued in this case, including after seeing that Plaintiff's counsel responded to the order to show cause. Docket No. 30 at 2, 4. As a threshold matter, it appears the staffing shortage discussed above has been resolved—or at least eased—for at least six months. *See id.* at 4 (noting additional counsel hired in May 2022). Hence, that does not appear to be a pertinent excuse at this juncture. Moreover, attorney Wright's reasoning is essentially that he does not closely monitor the electronic notices that orders have been entered in his cases, which is unacceptable. Attorneys must comply with orders and they obviously cannot do so if they do not read them. The Court hereby orders attorney Wright to attend four hours of continuing legal education regarding federal practice and procedure within the next six months. *Cf. Christiana Trust v. SFR Invs. Pool 1, LLC*, 2019 WL 4934190, at *4 (D. Nev. Oct. 7, 2019). The continuing legal education must meet the following criteria: (1) it must be approved by state CLE authorities, (2) it must be in a live setting (*i.e.*, not pre-recorded), and (3) it must not be counted toward, and will be in excess of, attorney Wright's CLE requirements for the Nevada Bar or any other state bar to which he belongs. *Cf. Petrish v. JP Morgan Chase*, 789 F. Supp. 2d 437, 456 (S.D.N.Y. 2011). No later than June 15, 2023, attorney Wright must file a separate declaration attesting to the completion of the required courses and attaching copies of the certificate of attendance for each course. The second order to show cause is otherwise **DISCHARGED**.

IT IS SO ORDERED.

Dated: December 8, 2022

  
Nancy J. Koppe  
United States Magistrate Judge